WILLIAM DOUGLAS VICK AND PATRICIA VICK v. DARRELL ST. CLAIR DAVIS

No. 8510SC207

(Filed 15 October 1985)

1. **Appeal and Error § 6.9— default judgment as sanction—right of appeal**

   Although it is interlocutory, a party may appeal from an order imposing sanctions by striking his defense and entering judgment as to liability.

2. **Rules of Civil Procedure § 37— failure to make discovery—default judgment—attorney's fees**

   In an action to recover damages arising out of an automobile accident, the trial court did not abuse its discretion in striking defendant's answer and entering default judgment against defendant on all of plaintiffs' claims because of defendant's refusal to comply with a court order to reveal the identity of a material witness. Nor did the trial court abuse its discretion in awarding plaintiffs attorney's fees in addition to the other sanctions imposed. G.S. 1A-1, Rule 37(b)(2)(C) and (E).

3. **Rules of Civil Procedure § 37— failure to make discovery—default judgment—claim for punitive damages—no denial of due process**

   The court's entry of default judgment against defendant as a sanction for his refusal to reveal the name of a material witness did not deny defendant due process of law because plaintiffs have a claim for punitive damages since it would not incriminate defendant or cause punitive damages to be entered against him to furnish the name of the witness as ordered by the court.

   Judge PHILLIPS concurring in part; dissenting in part.

APPEAL by defendant from *Brannon, Judge*. Judgment entered 18 December 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 26 September 1985.

The defendant appeals an order of judgment by default as to all the plaintiffs' claims. The plaintiff appellees Mr. and Mrs. Vick were involved in a two-car collision with the defendant appellant Darrell St. Clair Davis on 17 March 1982. The plaintiffs sued the defendant for damages. On 30 March 1984, the plaintiffs took the defendant's deposition. At that time, in response to questions concerning the identity of a woman with whom the defendant claimed to have spent some part of the evening of 17 March 1982, the defendant stated that the woman's identity was "of no concern" and that "you are not going to get that out of me, even with a court order." On 18 October 1984, the trial court granted the plaintiffs' motion for an order to compel discovery, allowing the defendant 30 days in which to comply. When the defendant

continued to refuse, the plaintiffs filed a motion for the imposition of sanctions.

At the 12 December 1984 hearing for the imposition of sanctions the defendant for the first time asserted that he did not know the woman's name. The trial court continued the hearing until the next morning to allow the defendant to obtain the information. The defendant testified that during that time he rode around the area of the witness' home, searched for a piece of paper with her name on it, and made several other unsuccessful efforts to discover her identity. At the hearing the next morning, the defendant continued to claim ignorance. The trial judge granted the plaintiffs' motion, striking the defendant's answer, entering default judgment against the defendant on all claims in the plaintiffs' complaint, and ordering the defendant to pay the plaintiffs' reasonable expenses, including attorney's fees, in the amount of $1,300.00. The court ordered that there would be a trial on the issue of damages only. The defendant appealed.

*Sanford, Adams, McCullough & Beard, by Cynthia Leigh Wittmer and Charles C. Meeker, for plaintiff appellees.*

*Moore, Ragsdale, Liggett, Ray & Foley, by George R. Ragsdale and Nancy Dail Fountain, for defendant appellant.*

WEBB, Judge.

[1]  Although it is interlocutory a party may appeal from an order imposing sanctions by striking his defense and entering judgment as to liability. *See Adair v. Adair*, 62 N.C. App. 493, 303 S.E. 2d 190, *disc. rev. denied*, 309 N.C. 319, 307 S.E. 2d 162 (1983).

[2]  The defendant contends that the court abused its discretion in entering default judgment and in awarding attorney's fees. G.S. 1A-1, Rule 37(b) provides in part:

> If a party . . . fails to obey an order to provide or permit discovery, . . . a judge of the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> . . . .
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or

Vick v. Davis

dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

. . . .

"The choice of sanctions under Rule 37 lies within the court's discretion and will not be overturned on appeal absent a showing of abuse of that discretion." *Routh v. Weaver*, 67 N.C. App. 426, 429, 313 S.E. 2d 793, 795 (1984).

In this case the trial judge found as facts that the defendant refused to identify a material witness, that the defendant was ordered by the court to identify this witness on 18 October 1984, that the defendant failed and refused to comply with that order, that the defendant "acted wilfully and in bad faith in failing to comply," and that the defendant "has had numerous opportunities to produce the evidence sought . . . which evidence was available to him, and has shown a . . . disregard of his known responsibilities." These findings of fact are clearly supported by the evidence. This places the sanctions ordered within the discretion of the court.

[3] The defendant also argues that because the plaintiffs have a claim for punitive damages the entry of default judgment deprives the defendant of due process of law. It would not incriminate the defendant or cause punitive damages to be entered against him to furnish the name of the person as ordered by the court. It was not error to strike the defendant's answer for his failure to furnish her name. *See Stone v. Martin*, 56 N.C. App. 473, 289 S.E. 2d 898, *disc. rev. denied*, 306 N.C. 392, 294 S.E. 2d 220 (1982). This assignment of error is overruled.

[2] In his third assignment of error the defendant argues that the trial court abused its discretion in awarding the plaintiffs attorney's fees in addition to the other sanctions imposed. In addition to striking the disobedient party's pleadings and entering default judgment, among other possible sanctions, the court is authorized to "require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." G.S. 1A-1, Rule 37(b)(2)(E). We have already determined

that the trial court properly found the defendant's noncompliance unjustified. Therefore, the award of attorney's fees to the plaintiff was appropriate. The trial court awarded attorney's fees in the amount of $1,300.00. In light of the fact that the plaintiffs' attorneys have spent eight and a half months attempting to obtain discovery from the defendant, we cannot say that this figure is unreasonable. This assignment of error is overruled.

Affirmed.

Judge JOHNSON concurs.

Judge PHILLIPS concurs in part; dissents in part.

Judge PHILLIPS concurring in part; dissenting in part.

Since his defiant refusal to answer questions properly put to him earlier in the proceeding unnecessarily burdened and extended the discovery process, the order requiring defendant to pay the charges of plaintiffs' attorneys is justified and I, too, vote to affirm that ruling. But the order striking defendant's defenses was not justified in my opinion and I dissent from the majority decision affirming it.

First, I do not agree that the defendant failed to obey an order of court as Rule 37(b) requires for sanctions to be imposed. The order involved directed defendant to answer the question concerning the woman's name, and he answered it by saying he did not know. Second, the dismissal of defendant's defense or case, the most drastic sanction that can be imposed in civil litigation, is disproportionate to defendant's offense, even if it should be conceded that he does know her name and thus did not properly answer the question when he said that he did not know the name of the woman he claims to have visited shortly before the collision occurred. The name of the woman referred to, if she exists, is not vital to plaintiffs' case; the evidence of defendant's neglect and lack of veracity is overwhelming and any evidence that she might have is collateral to the case and of little or no importance. Third, the evidence does not establish, at least in a clear and convincing way, that defendant is now lying and that his failure to name the woman is wilful. It seems much more likely to me that defendant's lie was when he first claimed that there

was a woman; and that his initial defiance was the result of his bellicose and contumacious nature, rather than an effort to conceal important information. Finally, I do not believe that our law authorizes a trial judge to throw out a party's claim or defense on the grounds that the party's answer to a court directed question is false unless it is almost indisputable and irresistibly clear that it is false. In this case, as I read the evidence, defendant earlier implied by his braggadocio refusal to give the woman's name that he knew it; while later under oath he stated directly and positively that he did not know her name. Under the circumstances I do not believe that anyone could be convinced which answer was true and which was false. That the evidence may support a finding that the answer is false is not enough, in my opinion, to justify a trial judge dismissing a party's claims or defenses. To undo a paper writing, evidence that is clear, cogent and convincing to a jury is required; in my opinion the standard of proof for a trial judge undoing a party's lawsuit or defense should be at least that high.