ESSEX GROUP, INC., Plaintiff v. EXPRESS WIRE SERVICES, INC., SCOTT RAMSEY AND WAYNE SEARCY, Defendants

No. COA02-724

(Filed 15 April 2003)

**Discovery— sanctions for violation of discovery order— default judgment**

> The trial court did not abuse its discretion in a breach of fiduciary duty, unfair and deceptive trade practices, conversion, misappropriation of trade secrets, conspiracy, interference with prospective business advantage, and breach of contract case by imposing sanctions against defendants under N.C.G.S. § 1A-1, Rule 37 for discovery order violations and by entering a default judgment against defendants, because: (1) defendants admitted that they attempted to remove documents from their office so that plaintiff would not have those documents available to it; (2) defendants formally admitted that they have not been truthful during their earlier deposition testimony; and (3) it is no defense that defendants eventually produced the requested documents and allowed plaintiff to inspect the corporate defendant's premises.

Appeal by defendants from order entered 31 January 2002 by Judge Robert Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 17 February 2003.

*Moore & Van Allen, P.L.L.C., by Jonathan D. Sasser and Reed J. Hollander, for plaintiff-appellee.*

*Helms, Henderson & Porter, P.A., by Christian R. Troy, for defendant-appellants.*

EAGLES, Chief Judge.

Defendants Express Wire Services, Inc. ("EWS"), Scott Ramsey and Wayne Searcy appeal from the trial court's entry of default judgment as a sanction against them. Defendants' sole argument on appeal is that their ultimate compliance with the trial court's discovery order precludes the court from assigning sanctions under G.S. § 1A-1, Rule 37. We disagree and therefore affirm the trial court's order imposing sanctions.

**ESSEX GRP., INC. v. EXPRESS WIRE SERVS., INC.**

[157 N.C. App. 360 (2003)]

Plaintiff Essex Group, Inc. ("Essex") is a corporation that has a place of business in Charlotte. Its primary business activity is the manufacture and sale of electrical wire products. Defendants Ramsey and Searcy were employed by plaintiff. Ramsey quit his job with plaintiff in March 2001 and opened defendant corporation EWS. EWS's primary business activity is the sale of emergency magnet wire, which made EWS a competitor of plaintiff. Before he began working for plaintiff, Searcy signed a document entitled "Intellectual Property Agreement" in which he agreed not to disseminate business information or trade secrets of plaintiff to third parties. Defendant Searcy left plaintiff corporation in May 2001 and began working for EWS.

Essex filed a complaint against EWS, Searcy and Ramsey on claims of breach of fiduciary duty, unfair and deceptive trade practices, conversion, misappropriation of trade secrets, conspiracy, interference with prospective business advantage and breach of contract. Essex claimed that defendants Searcy and Ramsey had used Essex's resources to set up their new business. In addition, Essex accused Searcy and Ramsey of absconding with a number of documents belonging to Essex that pertained to the Essex customer and supplier list.

Essex obtained an expedited discovery order allowing Essex to search defendant EWS's facilities. In addition, the discovery order requested the production of documents regarding the creation of EWS. Plaintiff's attorney sent a facsimile to defendants Searcy and Ramsey on 26 July 2001 informing them that the search was to take place on 27 July 2001. On the afternoon of 26 July 2001 defendant Searcy deleted multiple emails from his computer. At approximately 5:00 p.m. that same afternoon, plaintiff's private investigator observed defendant Ramsey leaving the EWS office with a pushcart on which several boxes were loaded. These boxes were described as brown, except for one black and white Gateway computer box. Defendant Ramsey took the boxes to a storage facility in Mooresville.

On 30 July 2001 Ramsey testified during his deposition that he had not removed any documents from the EWS office on the evening of 26 July 2001. Defendant Searcy testified on 31 July that he deleted several emails but stated he did not think he was forbidden from doing so.

On 31 July 2001, defendant Ramsey returned to the storage unit in Mooresville. Ramsey removed four brown boxes and the Gateway

box from the storage unit and loaded the boxes in his car. After being confronted by plaintiff's private investigator, Ramsey allowed the investigator to videotape the contents of the boxes. The boxes contained numerous files and notebooks clearly marked with the name "Essex Group, Inc." Both Ramsey and Searcy admitted that their deposition testimony regarding the removal of documents had been false. The documents requested by plaintiff and removed by defendants were delivered to plaintiff's counsel on 1 August 2001. The trial court's order required that the documents be delivered to plaintiff by 1 August 2001.

Upon plaintiff's motion, the trial court issued an order sanctioning defendants pursuant to G.S. §1A-1, Rule 37. The sanctions included striking defendants' answer, the entry of a default judgment against defendants, and an order to pay costs and attorney fees in the amount of $7,000. From this sanction order, defendants appeal.

We note that defendants are appealing from an order of sanctions against them. These sanctions include the striking of defendants' answer and the entry of default judgment against defendants. Orders of this type have been described as affecting a substantial right. *See Clark v. Penland,* 146 N.C. App. 288, 291, 552 S.E.2d 243, 245 (2001). Accordingly, the order instituting sanctions pursuant to Rule 37 is immediately appealable.

Defendants argue that the trial court abused its discretion in assigning sanctions to defendants after they complied with the request for production of documents and the request for entry onto defendants' premises. This Court may overturn a trial court's order of sanctions only in the event of an abuse of discretion. *See Clark v. Penland,* 146 N.C. App. 288, 552 S.E.2d 243 (2001); *Hursey v. Homes By Design, Inc.,* 121 N.C. App. 175, 464 S.E.2d 504 (1995); *Segrest v. Gillette,* 96 N.C. App. 435, 386 S.E.2d 88 (1989), *rev'd on other grounds,* 331 N.C. 97, 414 S.E.2d 334 (1992). "A trial court may be reversed for abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." *Hursey,* 121 N.C. App. at 177, 464 S.E.2d at 505. Here, numerous facts cited by the trial court justify its imposition of sanctions on defendants. Defendants admitted that they attempted to remove documents from their office so that plaintiff would not have those documents available to them. Defendants have also formally admitted that they had not been truthful during their earlier deposition testimony.

It is no defense that defendants eventually produced the requested documents and allowed plaintiff to inspect its premises. Rule 37 sanctions are powers granted to the trial courts of our state to prevent or eliminate dilatory tactics on the part of unscrupulous attorneys or litigants. This Court has held that failure to answer interrogatories or turn over requested documents in a timely manner constitute proper grounds for a sanction. *See Roane-Barker v. Southeastern Hospital Supply Corp.*, 99 N.C. App. 30, 392 S.E.2d 663 (1990), *disc. review denied*, 328 N.C. 93, 402 S.E.2d 418 (1991); *Vick v. Davis*, 77 N.C. App. 359, 335 S.E.2d 197 (1985), *aff'd per curiam*, 317 N.C. 328, 345 S.E.2d 217 (1986); *Plumbing Co. v. Associates*, 37 N.C. App. 149, 245 S.E.2d 555, *disc. review denied*, 295 N.C. 648, 248 S.E.2d 250 (1978). Our Court has held that a litigant's answering of interrogatories after the trial court ordered the litigant to answer did not prevent the court from imposing sanctions upon the dilatory party. *See Segrest v. Gillette*, 96 N.C. App. 435, 442, 386 S.E.2d 88, 92 (1989). Defendants' actions here were at best dilatory and at worst dishonest. In either case, the trial court's decision to sanction defendants cannot be said to be so arbitrary that it was not the result of a reasoned decision.

Accordingly, the trial court's order imposing sanctions against defendants and entering default judgment against them is affirmed.

Affirmed.

Judges MARTIN and HUDSON concur.