IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1171

Filed 20 August 2024

Lee County, Nos. 22 CVS 550, 22 CVS 550-520

STATE OF NORTH CAROLINA, on relation of the CITY OF SANFORD, Plaintiff,

v.

OM SHREE HEMAKASH CORPORATION, a North Carolina Corporation, AMITA PARESHA NAIK, manager PARESHA NARENDRA NAIK, PADMAVATI, LLC, a North Carolina Limited Liability Company, and BHADRESH SHAH, Defendants.

Appeal by defendants Om Shree Hemakash Corporation, Amita Paresha Naik, and Paresha Narendra Naik from orders entered 30 June 2023 by Judge W. Taylor Browne in Lee County Superior Court. Heard in the Court of Appeals 28 May 2024.

> *Cranfill Sumner LLP, by Steven A. Bader and James C. Thornton, for plaintiff-appellee.*
>
> *Hutchens Law Firm LLP, by Michael B. Stein, for defendants-appellees Padmavati, LLC, and Bhadresh Shah.*
>
> *Wilson, Reives, Silverman & Doran, PLLC, by Jonathan Silverman, for defendants-appellants Om Shree Hemakash Corporation, Amita Paresha Naik, and Paresha Narendra Naik.*

ZACHARY, Judge.

Defendants Om Shree Hemakash Corporation, Amita Paresha Naik, and Paresha Narendra Naik ("the Om Shree Defendants") appeal from the trial court's order granting Plaintiff City of Sanford's ("the City") motion to compel discovery and for sanctions pursuant to Rule 37 of the North Carolina Rules of Civil Procedure.

After careful review, we affirm in part and dismiss in part.

## I.    Background

This case arises out of an action brought by the City in the name of the State to abate a public nuisance pursuant to N.C. Gen. Stat. § 19-2.1. On 14 June 2022, the City filed a complaint alleging that "prohibited nuisance activity is maintained and exists" at the "Prince Downtown" motel in Sanford. At the time of the filing of the complaint, the Om Shree Hemakash Corporation owned and operated the motel; Amita Naik was the registered agent, president, and sole shareholder of the Om Shree Hemakash Corporation; and Paresha Naik was the motel's general manager. Padmavati, LLC, which sold the motel to Om Shree on 1 March 2021, held a promissory note for $700,000 that was secured by a deed of trust on the motel property. Bhadresh Shah is the manager of Padmavati, LLC.

In its complaint, the City alleged that the motel "has a general reputation among citizens within the City of Sanford community and among the law enforcement community as a nuisance . . . and as a place where numerous unlawful activities . . . have taken place." According to the City, the motel "has been established, continued, maintained, used, and owned by . . . Defendants as a place wherein or whereon are carried on, conducted, or permitted repeated acts which create and constitute breaches of the peace as defined by" N.C. Gen. Stat. § 19-1.1(1). Those acts include, but are not limited to, "fights, communicating threats, assaults inflicting serious injury, homicides, loud abusive and profane language, assaults on females, assaults

with deadly weapons, shootings, and drunk and disruptive behavior."

On 27 June 2022, the trial court entered a temporary restraining order prohibiting any further "nuisance[-]related activities" as well as, *inter alia*, prohibiting Defendants from "giving, granting, selling, conveying, or otherwise disposing or transferring ownership" of the motel. On 12 July 2022, the Om Shree Defendants filed a motion for an extension of time to file responsive pleadings, which the trial court granted, extending the Om Shree Defendants' time within which to respond until 22 August 2022. The Om Shree Defendants did not meet this deadline.

On 25 August 2022, the City served the Om Shree Defendants with a set of interrogatories and a request for production of documents. On 1 September 2022, the City filed a motion for entry of default against Defendant Padmavati for failure to file a responsive pleading; the trial court entered default against it on 6 September. On 12 September 2022, the City filed a motion for entry of default against the Om Shree Defendants, which the trial court entered the following day.

On 19 September 2022, the Om Shree Defendants filed their joint answer together with a motion to set aside the entry of default. The next day, the City filed motions for default judgment against the Om Shree Defendants and Padmavati. On 11 January 2023, Padmavati filed a motion to modify the temporary restraining order to allow the initiation of foreclosure proceedings on the motel, alleging that the Om Shree Defendants had failed to make the previous three monthly payments in accordance with the terms of the note, and were therefore in "arrears[.]"

STATE V. OM SHREE HEMAKASH CORP.

On 27 March 2023, the trial court entered an order setting aside the entry of default against the Om Shree Defendants for good cause shown. The next day, the Om Shree Defendants filed another answer.

Meanwhile, between December 2022 and March 2023, law enforcement officers had "investigated at least six" drug-related crimes that occurred at the motel. On 5 April 2023, citing these incidents, the City filed a motion to enforce the temporary restraining order by shutting down the motel and holding the Om Shree Defendants in contempt of court. The City supported its motion with multiple law enforcement officer affidavits, including the affidavit of the Captain of the Sanford Police Department Narcotics Division, in which he averred that the motel "has, and for a considerable period of time maintained, the general reputation through the community as a place where crimes . . . take place" such as homicide, robbery, assault, prostitution, and the sale, possession, and use of illegal drugs. The Captain also averred that, based upon his conversations with the Om Shree Defendants, "they do not appear to be concerned about or take any interest in the drug and criminal activity" at the motel. He noted that even after a death on the property resulting from a drug overdose, the Om Shree Defendants "were made aware of the incident, but again showed no interest or concern that it had occurred."

On 27 April 2023, the trial court granted the City's motion, finding the Om Shree Defendants in civil contempt for violating the 27 June 2022 temporary restraining order and ordering that the motel "be closed effective immediately for any

further business operations pending trial on the merits." Also on 27 April 2023, the trial court entered an order denying Padmavati's motion to modify the temporary restraining order.

On 17 May 2023, the City filed a motion to compel the Om Shree Defendants to respond to the interrogatories and requests for production of documents with which they had been served on 25 August 2022. On 19 May 2023, Padmavati filed another motion to modify the temporary restraining order to allow the initiation of foreclosure proceedings on the motel.

On 25 May 2023, after the Om Shree Defendants failed to appear for noticed depositions, the City amended its motion to compel requesting, *inter alia*, that the trial court sanction the Om Shree Defendants pursuant to Rule 37 of the Rules of Civil Procedure, including striking the Om Shree Defendants' answer and entering default judgment in favor of the City.

On 30 June 2023, the trial court determined that the Om Shree Defendants' failure to answer interrogatories and produce documents "was willful and deliberate[,]" and sanctioned them by striking their answer and entering default judgment against them. That same day, the trial court entered an order allowing Padmavati to initiate foreclosure proceedings on the motel.

The Om Shree Defendants filed timely notice of appeal from both the default judgment and the order allowing initiation of foreclosure proceedings.

## II.    Appellate Jurisdiction and Scope of Appeal

The Om Shree Defendants noticed appeal from the default judgment entered against them and the trial court's order granting Padmavati's motion to modify the temporary restraining order and allowing the initiation of foreclosure proceedings. As to the default judgment, "although it is interlocutory, a party may appeal from an order imposing sanctions by striking its answer and entering judgment as to liability." *Feeassco, LLC v. Steel Network, Inc.*, 264 N.C. App. 327, 331–32, 826 S.E.2d 202, 207 (2019). Because the trial court struck the Om Shree Defendants' answer and entered default judgment as a sanction pursuant to Rule 37, the Om Shree Defendants' appeal of the default judgment is properly before us.

However, the Om Shree Defendants have abandoned their appeal of the order granting Padmavati's motion to modify the temporary restraining order by failing to present and discuss any issue related to that order in their appellate brief. *See* N.C.R. App. P. 28(a) ("The scope of review on appeal is limited to issues so presented in the several briefs. Issues not presented and discussed in a party's brief are deemed abandoned."); *see also Branch Banking & Tr. Co. v. Chicago Title Ins. Co.*, 214 N.C. App. 459, 470, 714 S.E.2d 514, 522 (2011) (declining to review as abandoned order included in appellant's notice of appeal where the appellant made "no argument on appeal concerning the . . . order"). Accordingly, we dismiss the Om Shree Defendants' appeal in part, as to the trial court's order granting Padmavati's motion to modify the temporary restraining order.

### III.   Discussion

The Om Shree Defendants argue that the trial court abused its discretion by striking their answer and entering default judgment against them as sanctions pursuant to Rule 37(d) for their willful and deliberate failure to respond to the City's 25 August 2022 written discovery requests. We disagree.

## A. Standard of Review

"The imposition of sanctions under Rule 37 is in the sound discretion of the trial judge and cannot be overturned absent a showing of abuse of that discretion." *Moore v. Mills*, 190 N.C. App. 178, 180, 660 S.E.2d 589, 591 (citation omitted), *appeal withdrawn*, ___ N.C. ___, 668 S.E.2d 784 (2008). Additionally, this Court has recognized that the

> imposition of sanctions that are directed to the outcome of the case, such as dismissals, default judgments, or preclusion orders, are reviewed on appeal from final judgment, and while the standard of review is often stated to be abuse of discretion, the most drastic penalties, dismissal or default, are examined in the light of the general purpose of the Rules to encourage trial on the merits.

*Id.* at 180–81, 660 S.E.2d at 591 (cleaned up).

"An abuse of discretion is a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Dunhill Holdings, LLC v. Lindberg*, 282 N.C. App. 36, 54, 870 S.E.2d 636, 653 (2022) (citation omitted). "A trial court does not abuse its discretion by imposing a severe sanction so long as that sanction is among those expressly authorized by statute and there is no

specific evidence of injustice." *Feeassco*, 264 N.C. App. at 337, 826 S.E.2d at 210 (cleaned up). Additionally, "[i]n reviewing the trial court's order under the abuse of discretion standard, any unchallenged findings of fact are binding on appeal. Any challenged findings of fact are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." *Dunhill*, 282 N.C. App. at 55, 870 S.E.2d at 654 (cleaned up).

**B. Analysis**

The Om Shree Defendants argue that the trial court "erred and abused its discretion in striking the[ir] answer and entering a default judgment without first considering lesser sanctions." The Om Shree Defendants posit that "there is no indication in the transcript of the 5 June 2023 hearing that the trial court considered any lesser sanction" and that "there was no discussion from the trial court on the record as to the relative merits or insufficiencies of any lesser sanction that might have been imposed." These assertions are without merit.

In appropriate circumstances, Rule 37 authorizes a trial court to impose sanctions in the form of "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]" N.C. Gen. Stat. § 1A-1, Rule 37(b)(2)(c). "[B]efore imposing a severe sanction such as striking an answer and entering judgment as to liability, a trial court must consider the appropriateness of less severe sanctions." *Feeassco*, 264 N.C. App. at 337,

826 S.E.2d at 210. "Critically, the trial court is not required to *impose* lesser sanctions, but only to *consider* lesser sanctions." *Dunhill*, 282 N.C. App. at 86, 870 S.E.2d at 672 (cleaned up).

"In determining whether the trial court properly considered lesser sanctions, this Court has noted, the trial court is not required to list and specifically reject each possible lesser sanction[ ] prior to determining that [a more severe sanction] is appropriate." *Id.* (cleaned up). "Language stating the trial court considered lesser sanction[s] but had reason to impose the more severe sanction[ ] is sufficient." *Id.*

As the City notes, the Om Shree Defendants' "argument is refuted by the [trial] court's order," in which the trial court made the following findings of fact:

> 25. The Court, in considering ordering default judgment as a sanction, has balanced the right of the proponent to discovery under the North Carolina Rules of Civil Procedure with the Due Process rights of the offending party to have a trial of the case on the merits.

> 26. The Court, in considering ordering default judgment as a sanction, has considered lesser sanctions as urged by defense counsel and finds in its discretion that all lesser sanctions are inappropriate. The record amply demonstrates the severity of the disobedience of [the Om Shree] Defendants in failing to respond to the written discovery and thereby impeding the necessary and efficient administration of justice.

These thorough findings of fact, in which the trial court explained that it "considered lesser sanctions" and explained why "all lesser sanctions are inappropriate[,]" are sufficient under our precedents. *See id.* at 88, 870 S.E.2d at 673;

*see also, e.g.*, *Feeassco*, 264 N.C. App. at 341, 826 S.E.2d at 212; *Batlle v. Sabates*, 198 N.C. App. 407, 421–22, 681 S.E.2d 788, 798–99 (2009); *In re Pedestrian Walkway Failure*, 173 N.C. App. 237, 251, 618 S.E.2d 819, 828–29 (2005), *disc. review denied*, 360 N.C. 290, 628 S.E.2d 382 (2006). "Given this explanation, the trial court did not abuse its discretion in its choice of sanction." *Dunhill*, 282 N.C. App. at 88, 870 S.E.2d at 673.

The Om Shree Defendants also argue that "it cannot be inferred from the record that the trial court considered all available sanctions" because the trial court did not consider several factors that they advanced. However, there is no need to resort to inference in this instance because, as just discussed, the terms of the trial court's order manifestly demonstrate that the court considered all available sanctions. Moreover, as previously stated, "the trial court is not required to list and specifically reject each possible lesser sanction[ ] prior to determining that [a more severe sanction] is appropriate." *Dunhill*, 282 N.C. App. at 86, 870 S.E.2d at 672 (citation omitted).

Finally, we observe that the Om Shree Defendants do not challenge the trial court's findings of fact as regards their failure to respond to written discovery requests, which are therefore binding on appeal, *id.* at 55, 870 S.E.2d at 654, and which support the trial court's determination to impose sanctions. Moreover, "there is no specific evidence of injustice." *Feeassco*, 264 N.C. App. at 337, 826 S.E.2d at 210 (cleaned up).

"[A] broad discretion must be given to the trial judge with regard to sanctions." *Id.* (citation omitted). Here, "the trial court considered lesser sanctions prior to striking [the Om Shree Defendants'] answer and entering judgment for [the City] . . . , sanctions which are expressly authorized by statute. Thus, the trial court did not abuse its discretion" by striking the Om Shree Defendants' answer and entering default judgment in accordance with Rule 37. *Id.* at 341, 826 S.E.2d at 212.

## IV.    Conclusion

The trial court's default judgment order is affirmed. As to the trial court's order granting Padmavati's motion to modify the temporary restraining order, the Om Shree Defendants' appeal is dismissed.

AFFIRMED IN PART; DISMISSED IN PART.

Judges COLLINS and STADING concur.