ANDREA MOORE, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR D'ANDRE MOORE, Plaintiff v. QUENTIN JAMES MILLS, Defendant

No. COA07-955

(Filed. 6 May 2008)

**Discovery— failure to appear—sanctions—striking affirmative defenses—attorney fees—court reporter costs**

The trial court abused its discretion in a negligence case arising out of a motor vehicle accident by striking defendant's affirmative defenses of contributory negligence and gross contributory negligence as a sanction for failing to appear at a deposition because, given defendant's attempts to cure his failure to attend his deposition, his affidavit explaining the misunderstanding, which was presented to the trial court at hearing, and the severity of the sanctions imposed, the sanctions were manifestly

MOORE v. MILLS

[190 N.C. App. 178 (2008)]

unsupported by reason. However, the remaining sanction related to payment of attorney fees and court reporter costs is affirmed.

Judge McCULLOUGH dissenting.

Appeal by defendant from order entered 3 May 2007 by Judge William C. Griffin, Jr., in Martin County Superior Court. Heard in the Court of Appeals 6 February 2008.

*Burton & Sue, LLP, by Gary K. Sue, for defendant.*

*Gaskins & Gaskins, P.A., by Herman E. Gaskins, Jr., for plaintiff.*

ELMORE, Judge.

On 26 March 2006, Andrea Moore and her minor son, D'Andre Moore (together, plaintiffs) filed an action against Quentin James Mills (defendant). The complaint alleged negligence and gross negligence arising from a 22 September 2005 motor vehicle accident. Defendant filed his answer on 4 May 2006, asserting contributory negligence and gross contributory negligence as affirmative defenses. Plaintiffs replied on 10 May 2006, relying on the last clear chance doctrine. The parties began discovery, and defendant received notice of a deposition scheduled for 5 April 2007.

Defendant failed to appear at the deposition, which was to be held at plaintiffs' attorneys' offices in Washington, North Carolina. Defendant was aware of the deposition and the time for which it was scheduled. Indeed, he spoke on the telephone to a legal assistant at his attorneys' offices that morning, who reminded him of the event and asked him to arrive early to speak with his lawyer. However, although defendant left his house in Williamston, North Carolina, more than sufficiently early to arrive in time for the deposition, defendant claims to have gotten lost in Washington, with which he was unfamiliar. Defendant could not remember the street address for the offices and had neglected to bring a letter that his attorneys sent him with the pertinent information. Defendant compounded his mistake by searching for a sign with the name of his own attorneys' firm, rather than that of plaintiffs'. Unsurprisingly, none of the people that defendant approached in Washington had heard of defendant's attorneys' firm, which was located in Williamston. Eventually, defendant gave up in his search and returned home. He did not realize his mistake until he received a call from his attorneys, inquiring as to the reason for his absence. Defendant promptly offered to reschedule the

deposition at plaintiffs' convenience, and his attorneys wrote to plaintiffs' lawyers, offering to pay for both the attorneys' and court reporters' time and expenses and to reschedule the deposition.

Plaintiffs moved for sanctions on 9 April 2007, seeking an order striking all of defendant's pleadings. On the day of the hearing, defendant arrived with counsel and a court reporter retained by his attorneys. Defendant presented the trial court with an affidavit explaining his absence from the deposition and offered to make himself available for deposition at that time, again offering to pay plaintiffs' attorneys' fees and court reporter expenses. Nevertheless, plaintiffs' counsel declined the offer and proceeded with the motion for sanctions.

The trial court held a hearing and gave an oral ruling granting plaintiffs' request for fees and striking the contributory negligence defense. Subsequently, in the trial court's written order, the trial court struck both defendant's contributory negligence and gross contributory negligence defenses. Defendant now appeals. For the reasons outlined below, we reverse and vacate the portion of the trial court's order striking defendant's pleadings, but affirm the remainder of the order.

On appeal, defendant contends that the trial court abused its discretion by striking his defenses of contributory negligence and gross contributory negligence. We agree.

Our Rules of Civil Procedure state: "If a party . . . fails (i) to appear before the person who is to take his deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are *just . . . .*" N.C. Gen. Stat. § 1A-1, Rule 37(d) (2007) (emphasis added). Plaintiffs correctly note that these orders may include "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses" or "[a]n order striking out pleadings or parts thereof . . . ." N.C. Gen. Stat. § 1A-1, Rule 37(b)(2) (2007). "The imposition of sanctions under Rule 37 is in the sound discretion of the trial judge and cannot be overturned absent a showing of abuse of that discretion." *In re Pedestrian Walkway Failure*, 173 N.C. App. 237, 246, 618 S.E.2d 819, 826 (2005) (quotations and citation omitted).

Nevertheless, we are mindful that

[i]mposition of sanctions that are directed to the outcome of the case, such as dismissals, default judgments, or preclusion orders, are reviewed on appeal from final judgment, and while

the standard of review is often stated to be abuse of discretion, the most drastic penalties, dismissal or default, are examined in the light of the general purpose of the Rules to encourage trial on the merits.

*Imports, Inc. v. Credit Union*, 37 N.C. App. 121, 124, 245 S.E.2d 798, 800 (1978) (quotations and citation omitted). Moreover, we note this Court's recent holding that a trial court "will be reversed upon a showing that [the] ruling was so arbitrary that it could not have been the result of a reasoned decision." *Baker v. Charlotte Motor Speedway, Inc.*, 180 N.C. App. 296, 299, 636 S.E.2d 829, 832 (2006) (quotations and citations omitted) (alteration in original).

Given defendant's attempts to cure his failure to attend his deposition, his affidavit explaining the misunderstanding, which was presented to the trial court at hearing, and the severity of the sanctions imposed, we find that the trial court's sanctions were "manifestly unsupported by reason." *Id.* (quotations and citations omitted). Accordingly, we reverse and vacate that part of the trial court's order striking defendant's pleadings relating to the affirmative defenses of contributory negligence and gross contributory negligence. The remaining sanction, payment of attorneys' fees and court reporter costs, is affirmed.

Reversed and vacated in part and affirmed in part.

Judge ARROWOOD concurs in result only.

Judge McCULLOUGH dissents by separate opinion.

McCULLOUGH, Judge, dissenting:

In this case defendant failed to appear for his deposition. The trial court imposed sanctions which included the payment of attorneys' fees and court reporter costs as well as striking defendant's pleadings regarding the affirmative defenses of contributory negligence. The majority opinion upholds the sanctions of attorneys' fees and court reporter costs but vacates the order striking the defenses. From this ruling I dissent.

Defendant's deposition was scheduled for 5 April 2007 at the law office of plaintiff's counsel. The lawyers and court reporter arrived, but defendant failed to appear. Plaintiff's attorney moved for sanctions and requested that the court "[e]nter an order striking all plead-

ings filed by defendant and rendering a judgment by default against defendant." The trial court declined to impose the full measure of sanctions requested and instead ordered the striking of the affirmative defenses but left defendant's denial of negligence intact.

At the hearing on the motion for sanctions, defendant recounted a rather preposterous story of having forgotten the name and address of plaintiff's law firm; thus, he sought directions to his own lawyer's office. No one in Washington, N.C., knew how to direct him to his lawyer's office, which is not surprising since his attorney is from Greensboro. He never called his lawyer and eventually went home.

After defendant's explanation and argument, the trial court decided that the appropriate sanction should be the payment of attorneys' fees and court reporter costs as well as the striking of defenses, leaving defendant's denial of negligence for trial.

As the majority recognizes, Rule 37 permits the trial court to impose sanctions as was done here. N.C. Gen. Stat. § 1A-1, Rule 37(d) (2007).

In the case *sub judice* the trial judge declined to impose the more drastic sanction requested, that of default judgment, even though such a sanction is clearly permissible. *Imports, Inc. v. Credit Union*, 37 N.C. App. 121, 245 S.E.2d 798 (1978).

The majority also properly notes that the imposition of sanctions under Rule 37 is in the sound discretion of the trial judge and cannot be reversed absent a showing of abuse of discretion. *In re Pedestrian Walkway Failure*, 173 N.C. App. 237, 618 S.E.2d 819 (2005).

Rulings committed to a trial judge's discretion are accorded great deference and will not be overturned unless it is shown that the decision was so arbitrary that it could not have been the result of a reasoned decision. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

Nonetheless, the majority has freely substituted its judgment for that of the trial court. The trial judge clearly exercised discretion and refused to grant the full measure of sanctions requested, limiting his order to the striking of affirmative defenses along with the monetary payments. The denial of negligence was left for trial.

In justifying its actions, the majority quotes from *Imports, Inc.* The quoted portion cited by the majority discusses dismissals and defaults, neither of which are present here. *See id.*

The trial judge made a discretionary decision within the range of permissible sanctions and in so doing clearly exercised his discretion as the court declined to impose the full measure of sanctions requested. Having acted in accordance with Rule 37, the trial court is entitled to be upheld. In this case I would give deference to the trial judge and uphold the sanctions imposed.