An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-812

Filed 6 May 2026

Mecklenburg County, No. 22CVS007866-590

RODGER KENT HASKIN, Administrator of the Estate of REECE THOMAS HASKIN; and RODGER KENT HASKIN, In his Individual Capacity, Plaintiff,

v.

HUBERT D. LAMBERT; CAROL K. LAMBERT; GREE USA, INC.; GREE ELECTRIC APPLIANCES, INC. OF ZHUHAI; HONG KONG GREE ELECTRIC APPLIANCE SALES, LTD; MIDEA AMERICA CORP.; MJC AMERICA, LTD; MJC SUPPLY, LLC; MJC HOLDINGS, LLC; THE HOME DEPOT, INC.; HOME DEPOT U.S.A., INC.; FLUKER'S CRICKET FARM, INC.; ZOO MED LABORATORIES, INC.; JSK MERCHANDISING, INC.; PUREDICK, INC.; and DOES 1-10, Inclusive, Defendants.

Appeal by Defendant Gree USA, Inc., from default judgment entered 22 April 2024 by Judge Bradley B. Letts in Mecklenburg County Superior Court. Heard in the Court of Appeals 8 April 2025.

> *Gordan Rees Scully Mansukhani, LLP, by Allison J. Becker, Joseph T. Rivera, Jr., and Charles Louis Sutter, for defendant-appellant.*
>
> *Hamilton Stephens Steele & Martin, PLLC, by Graham B. Morgan, Hunter C. Quick, and M. Aaron Lay, for plaintiff-appellee.*

STADING, Judge.

This appeal arises from a trial court's order striking Gree USA, Inc.'s ("Defendant") pleadings and entering default judgment; requiring future depositions for Roger Kent Haskin's ("Plaintiff") punitive damages claim to take place in Mecklenburg County; and ordering Defendant to pay Plaintiff's costs and attorney's fees. Additionally, Defendant challenges the trial court's previous order requiring Defendant to provide full and complete verified responses and responsive documents without non-privileged objections. For the reasons below, we affirm the trial court's order.

## I.    Background

On 23 May 2020, Plaintiff was renting a mobile home when an unexpected fire occurred. Plaintiff was not present for the fire, but his twelve-year-old son was asleep in the mobile home, which was unequipped with smoke detectors. Plaintiff's son was unable to escape his bedroom before the fire rendered him unconscious. Upon securing Plaintiff's son from the burning home, he was immediately transported to the hospital. There, he was found to have suffered third-degree burns to over 70% of his body. Plaintiff's son survived for two days, suffering multiple complications before succumbing to his injuries.

On 16 May 2022, Plaintiff filed a complaint against multiple parties, including Defendant, in Mecklenburg County Superior Court. The Lincoln County Fire Marshal's Office and the North Carolina State Bureau of Investigation determined the fire originated from a Soleus Air LX 140/140BL Portable Air Conditioner, Heater,

and Dehumidifier (the "Soleus Air unit"). Plaintiff claimed the fire was caused by the catastrophic malfunction of the Soleus Air unit, which was believed to be designed and manufactured by Defendant. Plaintiff asserted claims against Defendant for negligence, breach of implied warranty, and negligent infliction of emotional distress. On 23 August 2022, Defendant answered and alleged it "was not involved in the design, manufacture, distribution of the subject product, did not otherwise produce or place the subject product in the stream of commerce, and is not a proper party to this lawsuit."

Plaintiff initiated discovery, serving interrogatories and requests for production. Defendant answered Plaintiff's discovery requests with numerous objections and provided an unnotarized affidavit from Ouyang Jun, its chief executive officer, chief financial officer, and director. Plaintiff replied with a letter detailing the inadequacy of Defendant's responses and allowed Defendant 45 days for supplementation. This letter also served as notice of Plaintiff's Rule 30(b)(6) deposition of Defendant, scheduled for 17 January 2023, which was eventually cancelled. On 29 August 2023, Plaintiff moved to compel discovery, praying the trial court to overrule Defendant's objections to discovery and to order that Defendant fully respond to Plaintiff's first set of interrogatories and requests for production of documents.

On 28 November 2023, Plaintiff emailed Defendant to schedule a Rule 30(b)(6) deposition. This email asked for Defendant's availability and warned refusal to

attend the deposition would result in Plaintiff requesting the court to strike Defendant's answer and enter default against it. On 4 December 2023, after no response from Defendant, Plaintiff sent a follow-up email for the deposition. After receiving no response from either email, Plaintiff, on 18 December 2023, sent another email scheduling the deposition for 16 January 2024. Having still received no response from Defendant, Plaintiff sent another email on 8 January 2024 outlining his intentions to move forward with the deposition on 16 January 2024. On the deposition date, Defendant neither appeared for the scheduled 30(b)(6) deposition nor contacted Plaintiff's counsel or filed a protective order.

Plaintiff's first motion to compel—aimed at overruling Defendant's objections to Plaintiff's interrogatories and requests for production—was heard on 18 January 2024 and granted on 23 January 2024 ("January 2024 Order"). The trial court ordered that:

1. [Defendant's] objections to the Discovery Requests are overruled, except as to privilege;

2. Within thirty (30) days of January 18, 2024, [Defendant] shall, without objections, except as to privilege, provide full and complete verified responses and responsive documents to the Discovery Requests. [Defendant's] supplemental responses and document production "shall be answered separately and fully in writing under oath;"

3. Pursuant to North Carolina Rule of Civil Procedure 26(b)(5), [Defendant] shall produce a privilege log for each document or item it withholds based on a claimed privilege or protection, and the privilege log shall

"describe the nature of the documents, communications, or tangible things not produced or disclosed, and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim;"

4. All parties shall bear their own costs, including attorneys' fees, for bringing, and attending the hearing on, the Motion.

On 14 February 2024, Plaintiff filed a second motion to compel discovery and a motion for sanctions. This targeted Defendant's failure to appear for the deposition and argued such behavior qualified for sanctions under Rule 37(b)(2). Plaintiff asked the trial court to (1) strike Defendant's pleadings and render a default judgment against Defendant; (2) order Defendant to pay attorney's fees in the amount of $4,200.00 and costs of $222.15 incurred while preparing for the deposition; and (3) require Defendant to produce fully prepared 30(b)(6) designees within 21 days. Plaintiff supported this request by referencing Defendant's history of bad faith throughout the discovery process, the prejudice faced because of Defendant's inaction, and the need for deterrence.

On 16 February 2024, Defendant served its supplemental responses. Defendant, despite the clear language of the January 2024 Order, asserted non-privileged objections to seven of Plaintiff's twenty interrogatories and six of Plaintiff's thirty-two requests for production. Regarding Defendant's objections relying on privilege or work product protection, Defendant did not provide a privilege log. Plaintiff asked Defendant if it was going to provide more supplementation since their

responses were still insufficient considering the previous January 2024 Order. Defendant responded that its supplemental responses did comply with the order and promised a forthcoming verification that was missing, which Defendant never provided.

On 20 February 2024, Plaintiff filed a third motion to compel discovery and a second motion for sanctions. Plaintiff filed this motion following Defendant's noncompliance with the January 2024 Order and missed deposition. Plaintiff supported this motion by referencing Defendant's failure to attend the deposition, to provide full verified responses, its continued effort to withhold documents, and its failure to produce a privilege log. Plaintiff requested the trial court to strike Defendant's answer, enter default judgment, compel Defendant to comply with discovery requests, and order Defendant to pay attorney's fees in the amount of $3,435.00. Defendant neither served a written response nor filed an affidavit in response to Plaintiff's second and third motions to compel.

On 26 February 2024, the trial court heard Plaintiff's second and third motions to compel, and first and second motions for sanctions. Following this hearing, on 19 April 2024, the trial court filed an order ("April 2024 Order") which (1) struck Defendant's answer and entered default judgment; (2) ordered Defendant to pay $5,955.00 in attorney's fees and $222.15 in costs to Plaintiff within thirty days; (3) ordered Defendant provide full verified responses to discovery requests within thirty

days; and (4) required all future depositions to be held in Mecklenburg County. On 4 June 2024, Defendant gave timely notice of appeal.

## II. Jurisdiction

Under N.C. Gen. Stat. § 1-277, "[a]n appeal may be taken from every judicial order . . . that affects a substantial right claimed in any action or proceeding . . . ." N.C. Gen. Stat. § 1-277 (2025). "An order compelling discovery is generally not immediately appealable because it is interlocutory and does not affect a substantial right that would be lost if the ruling were not reviewed before final judgment." *Sharpe v. Worland*, 351 N.C. 159, 163, 522 S.E.2d 577, 579 (1999). However, "when the order is enforced by sanctions pursuant to N.C.R. Civ. P., Rule 37(b), the order is appealable as a final judgment." *B.B. Walker & Hrub Corp. v. Liberty Mut. Ins. Co.*, 84 N.C. App. 552, 554–55, 353 S.E.2d 425, 426 (1987).

## III. Analysis

On appeal, Defendant contends the trial court abused its discretion in striking its pleadings and entering default judgment; ordering Defendant to provide full and complete verified responses and responsive documents without non-privileged objections; requiring future depositions for Plaintiff's punitive damages claim to take place in Mecklenburg County; and ordering Defendant to pay Plaintiff's costs and attorney's fees.

### A. Rule 37(b) Sanctions

Defendant argues the trial court erred in striking its pleadings and entering default because: Defendant had no connection to the Soleus Air unit which caused the fire; Defendant attempted to comply with the first motion to compel order; Defendant produced all documents available to it regarding the Soleus Air unit which was the affidavit by Ouyang Jun; Defendant's failure to appear for the deposition was due to a sincere misunderstanding; and the sanctions were partially predicated on a premature request. Further, Defendant argues these severe sanctions would ignore evidence of injustice. After careful review, we disagree.

Trial court's rulings on discovery are generally reviewed for abuse of discretion. *Myers v. Myers*, 269 N.C. App. 237, 240, 837 S.E.2d 443, 447 (2020). "According to well-established North Carolina law, a broad discretion must be given to the trial judge with regard to sanctions." *Feeassco, LLC v. The Steel Network, Inc.*, 264 N.C. App. 327, 337, 826 S.E.2d 202, 210 (2019). Accordingly, "[t]he imposition of sanctions under North Carolina Rule of Civil Procedure 37 for a party failing to comply with discovery requests and the trial court's decisions 'is a matter within the sound discretion of the trial court and cannot be overturned on appeal absent a showing of abuse of discretion.'" *Porters Neck Ltd., LLC v. Porters Neck Country Club, Inc.*, 276 N.C. App. 95, 100, 855 S.E.2d 819, 825 (2021) (citation omitted). "An abuse of discretion may arise if there is no record evidence which indicates that [a] defendant acted improperly, or if the law will not support the conclusion that a discovery violation has occurred." *Id.* (citation omitted) (bracket in original). "An abuse of

discretion is a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Dunhill Holdings, LLC v. Lindberg*, 282 N.C. App. 36, 54, 870 S.E.2d 636, 653 (2022) (citation omitted). Indeed,

> [a] trial court does not abuse its discretion by imposing a severe sanction so long as that sanction is among those expressly authorized by statute and there is no specific evidence of injustice. While trial courts must consider the appropriateness of less severe sanctions before imposing a severe sanction, the ultimate choice of sanctions is still within their discretion.

*Id.* (citation modified).

With respect to discovery, the trial court may issue "sanctions in which [an] action is pending" when "a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery." N.C. Gen. Stat. § 1A-1, R. 37(b)(2) (2025). The trial court may make such orders "as are just" and may make "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]" *Id.* § 1A-1, R. 37(b)(2)(c). Rule 37(b)(2) further states: "the court shall require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." *Id.* § 1A-1, R. 37(b)(2).

Moreover, Rule 37(d) states:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (i) to appear before the person who is to take the deposition, after being served with a proper notice, or (ii) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (iii) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subdivisions a, b, and c of subsection (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

*Id*. § 1A-1, R. 37(d) (2025).

Under the abuse of discretion standard, sanctions should be "examined in light of the general purpose of the Rules [of Civil Procedure] to encourage trial on the merits." *Batlle v. Sabates*, 198 N.C. App. 407, 418–19, 681 S.E.2d 788, 796–97 (2009) (citation omitted). Notably, however, "[t]he trial court is not required to impose lesser sanctions, but only to consider lesser sanctions." *Dunhill Holdings, LLC*, 282 N.C. App. at 86, 870 S.E.2d at 672 (citation modified).

Here, the trial court's decision and order acknowledge that the trial court considered lesser sanctions. The record reveals Defendant failed to attend its deposition and served supplemental responses that violated the trial court's 23 January 2024 order. Moreover, this order provided Defendant "shall, without

- 10 -

objections, except as to privilege, provide full and complete verified responses and responsive documents to the Discovery Requests. [Defendant's] supplemental responses and document production 'shall be answered separately and fully in writing under oath[.]' " Yet Defendant objected to interrogatories and requests for production of documents on non-privilege grounds, did not provide a privilege log, and did not verify its responses. After reviewing the record, we hold that the trial court did not abuse its discretion since Defendant explicitly violated the January 2024 Order.

Moreover, Defendant bore the burden to show why noncompliance was justified. *McCraw v. Hamrick*, 88 N.C. App. 391, 393, 363 S.E.2d 201, 202 (1988) (citation omitted) ("A party wishing to avoid court-imposed sanctions for failure to comply with an order compelling discovery bears the burden of showing justification for his noncompliance."). Defendant failed to provide competent evidence to justify its noncompliance and avoid sanctions. As to Defendant's misunderstanding of the scheduled deposition, Defendant received proper notice and insufficiently expressed its misunderstanding through the arguments of counsel. *See Basmas v. Wells Fargo Bank Nat'l Ass'n*, 236 N.C. App. 508, 513, 763 S.E.2d 536, 539 (2014) (citation and quotation marks omitted) ("It is axiomatic that the arguments of counsel are not evidence.").

Nevertheless, Defendant attempts to analogize its discovery misconduct to *Moore v. Mills*, 190 N.C. App. 178, 660 S.E.2d 589 (2008). In that case, the defendant failed to appear at a scheduled deposition despite knowing where and when it was to

take place. *Moore v. Mills*, 190 N.C. App. 178, 179, 660 S.E.2d 589, 590 (2008). The defendant claimed to have been lost after travelling to the city where the deposition was to occur, an area with which he was unfamiliar. *Id.* After forgetting to bring the letter with the address of the deposition, the defendant searched for his own law firm's office instead of the plaintiff's law firm where the deposition was scheduled. *Id.* After eventually giving up his search and returning home, the defendant promptly offered to reschedule the deposition and pay for both the attorney's and court reporter's time and expenses. *Id.* At the sanctions hearing, the defendant presented the trial court with an affidavit explaining his mistake and offered to make himself available for another deposition and pay for additional expenses. *Id.* The trial court ordered for the payment of attorneys' fees and court reporter costs and struck both the defendant's contributory negligence and gross contributory negligence defenses. *Id.* at 180, 660 S.E.2d at 591.

In *Moore*, this Court reasoned the sanctions to be "manifestly unsupported by reason" due to the defendant's "attempts to cure his failure to attend his deposition, his affidavit explaining the misunderstanding, which was presented to the trial court at hearing, and the severity of the sanctions imposed." *Id.* at 181, 660 S.E.2d at 591. The striking of the defendant's pleadings was reversed and vacated; however, the trial court's remaining sanctions concerning attorneys' fees and court reporter costs were affirmed. *Id.*

Unlike *Moore*, Defendant did not proceed in good faith. Instead, Defendant

never responded to counsel's numerous attempts to schedule a deposition, failed to appear without notice, and did not cooperate with the discovery process. Indeed, Defendant also failed to move for a protective order prior to its commencement and did not file an affidavit explaining why it failed to appear. We thus reject Defendant's argument.

Defendant's last argument on this issue maintains the trial court's sanctions were premature. Defendant asserts a violation of a predicate order is necessary before a party can request sanctions. However, under Rule 37(d), a court order is not a prerequisite to default judgment. *First Citizens Bank & Tr. Co. v. Powell*, 58 N.C. App. 229, 230, 292 S.E.2d 731, 731 (1982) ("We concede that issuance of a court order is the more common procedure employed by courts, but the clear wording of Rule 37(d) contradicts defendants' position that this is a prerequisite to entry of a default judgment."). Consequently, Defendant's argument is meritless.

In sum, while Defendant had ample opportunities to comply, Defendant's actions amount to a failure "to obey an order to provide or permit discovery" under Rule 37(b)(2). And since the trial court's sanctions were supported by record evidence, we hold the trial court did not abuse its discretion.

## B.  First Order on Plaintiff's Motion to Compel

Defendant argues the trial court erred in ordering Defendant to provide full and complete verified responses and responsive documents. Pursuant to Plaintiff's initial motion to compel, the January 2024 Order required Defendant to "provide full

and complete verified responses and responsive documents to the Discovery Requests[ ]" without objections, except as to privilege. Defendant summarily argues the trial court abused its discretion in granting Plaintiff's initial motion to compel because Defendant has "absolutely no involvement with the [Soleus Air unit's] design, manufacture, distribution or sale[.]"

While Defendant devotes three sentences devoid of any legal authority in support of its argument, we note that "[t]he primary purpose of the discovery rules is to facilitate the [pre-trial] disclosure . . . of any unprivileged information that is relevant and material to the lawsuit so as to permit the narrowing and sharpening of the basic issues and facts that will require trial." *Friday Invs., LLC v. Bally Total Fitness of the Mid-Atl., Inc.*, 370 N.C. 235, 237–38, 805 S.E.2d 664, 667 (2017) (citation modified). Given the record before this Court, we hold the trial court did not abuse its discretion by ordering Defendant to comply with the Rules of Civil Procedure. Defendant's argument is overruled.

## C.  Future Depositions

Next, Defendant contends the trial court abused its discretion in requiring that any future depositions for Plaintiff's punitive damages claim take place in Mecklenburg County. Without any legal authority, Defendant continues to support its argument by simply stating it did not manufacture or design the Soleus Air unit at issue. Defendant's rationale, however, rests on an unverified and unsupported assertion. The common and repetitive theme throughout Defendant's brief is that it

should not be subject to discovery or legal action because it was not involved in the underlying controversy. It is an untenable position that, without more, Defendant could evade legal action and discovery by simply stating it was not involved in the underlying controversy. Indeed, discovery is precisely the mechanism to support Defendant's assertion as it would reveal facts related to Defendant's involvement. *See Friday Invs., LLC*, 370 N.C. at 237–38, 805 S.E.2d at 667 (citation omitted). With respect to the location of future depositions occurring in Mecklenburg County, Defendant has not presented any relevant argument challenging the location itself. *See* N.C. R. App. P. 28(a), (b)(6) (deeming challenges to be abandoned if not specifically argued). Consequently, we hold the trial court did not abuse its discretion.

### D. Plaintiff's Costs and Attorney's Fees

Lastly, Defendant contends the trial court abused its discretion by ordering it to pay Plaintiff's costs and attorney's fees since it purportedly has no connection to the Soleus Air unit at issue, and therefore, "other circumstances make an award of expense unjust." N.C. Gen. Stat. § 1A-1, R. 37(b)(2). However, Rule 37 requires the trial court to order the party failing to obey a court order to pay reasonable expenses unless such an award is unjust. *Id.* ("[T]he court shall require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."). Here, the trial court's

sanctions under Rule 37(b)(2) adhered to those categories. Defendant was ordered to pay $5,955.00 in attorney's fees and $222.15 in costs to Plaintiff within thirty days. As explained above, the record shows the trial court did not abuse its discretion in entering default judgment for Plaintiff, and for those same reasons, we conclude the trial court did not abuse its discretion in ordering Defendant to pay reasonable fees pursuant to Rule 37(b).

## IV.  Conclusion

For all these reasons, the trial court did not abuse its discretion in striking Defendant's pleadings and entering default judgment; requiring future depositions for Plaintiff's punitive damages claim to take place in Mecklenburg County; and ordering Defendant to pay Plaintiff's costs and attorney's fees. Moreover, we hold the trial court did not abuse its discretion in requiring Defendant to provide full and complete verified responses and responsive documents without non-privileged objections.

AFFIRMED.

Judges STROUD and MURRY concur.

Report per Rule 30(e).